**Michael CLOUGH, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 26, 1972.

James F. Kipp, of Becker & Kipp, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice.

In this appeal from conviction of selling a dangerous drug, the question is whether

the State proved the "chain of evidence" with sufficient certainty.

Police Officer Orr, working incognito, arranged to buy LSD from the defendant. On March 9, Orr purchased from the defendant a purple pill which the defendant identified as LSD; during the return to police headquarters, Orr showed a purple pill to his fellow officer on the case. On the night of March 9, Orr did a "field test" on the pill, sealed the resultant powder in an envelope, and tagged the envelope with the defendant's name; he sent the envelope to the State Medical Examiner by another police officer on March 15. It appears that Orr kept the evidence in his personal locker at police headquarters during the period March 9–15. When delivered to the Medical Examiner, the "evidence folder" bore the defendant's name and contained a "sealed, blue cardboard box containing a purple powder, sealed in a white wrapping paper." The Medical Examiner performed an analysis on the contents of the envelope thus delivered and declared the purple powder therein to contain LSD.

Each link in the above chain of custody was proved by testimony of the police officer involved and by the Medical Examiner. The defendant contends that the chain is fatally defective, and the evidence therefore inadmissible, because there was no adequate accounting for the March 9–15 link. The defendant also relies on the absence of evidence that the field test transformed the pill to powder, the form in which it was identified as of March 15.

■ The defendant points to serious weaknesses in the State's case. The State is obliged to account for its careful custody of the evidence at all times, from the moment it came into the hands of the police until the moment it is presented at trial, in order to assure with sufficient certainty that the evidence has been held inviolate. 2 Wharton, Criminal Evidence (12th Ed.) § 665. An officer's personal locker is not

an adequate depository for the preservation of evidence in a criminal case. A vault or safe should have been used for the purpose, to avoid the type of objection made here as well as the possibility of the more serious consequence of loss of evidence. In another case, the failure to provide a proper depository for evidence may well mean reversal of the conviction.

■ Another deficiency in the State's case, as the defendant points out, is the absence of direct evidence by Officer Orr that the field test reduced the pill to the powder delivered to the Medical Examiner. That proof should have been part of the State's case by direct evidence.

■ However, we do not find these links of the chain so deficient as to make the evidence inadmissible. We are of the opinion that, by reasonable inference from the facts proved, the links in the chain of custody here under attack were established with sufficient certainty.

■ The lack of safeguards which might reasonably be expected, under the circumstances, does not render the evidence inadmissible in the absence of evidence tending to show tampering. It is not necessary for the State to prove beyond all possibility of doubt the identity of the evidence or the impossibility of tampering. The test is reasonable probability that no tampering occurred. Nixon v. State, 204 Md. 475, 105 A.2d 243 (1954); State v. Riley, 24 Conn.Supp. 235, 1 Conn.Cir. 523, 189 A.2d 518 (1962); People v. Riser, 47 Cal.2d 566, 305 P.2d 1. In our opinion, that test has been met here.

■ The integrity of the chain of possession thus became a matter of weight rather than admissibility of the evidence. The defendant was in a position to argue to the jury, as a matter of the weight to be accorded the evidence, the weakness in the chain of possession he here relies upon. Presumably, defense counsel took full ad-

vantage of these weaknesses in argument to the jury.

The admission of the evidence was not reversible error.

Affirmed.