Harry E. MACK, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Sept. 27, 1973.

Rehearing Denied Oct. 24, 1973.

**320**

James F. Kelleher and Arlen B. Mekler, Asst. Public Defenders, and John M. Stull, Wilmington, of counsel, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

The defendant seeks review of his conviction in the Superior Court on charges of possession of a narcotic drug with intent to sell, under 16 Del.C. § 4725, and possession of a firearm during the commission of that felony, under 11 Del.C. § 468A.[1] Appellant contends that there was insufficient evidence to warrant submission of the drug charge to the jury, and that § 468A is inapplicable here and unconstitutionally overbroad.

Pursuant to a search warrant, the defendant's apartment was searched. He was present. The police seized a quantity of heroin, certain drug paraphernalia, and a loaded automatic revolver. The loaded revolver was found in a chest of drawers in the defendant's bedroom near the dresser in which the drugs and paraphernalia were found.

## I.

The defendant contends that the evidence was insufficient to allow the drug case to be submitted to the jury. He asserts that there was no direct evidence of any sales activity and that the mere possession of the drugs and paraphernalia here seized are not sufficient *per se* to prove intent to sell. Further, contends the defendant, the evidence relating to possession of the drugs and paraphernalia is consistent with his testimony that the items were in his home because of his and his wife's addiction. The defendant argues that the circumstantial evidence was insufficient to warrant submission of the case to the jury as to intent to sell.

We disagree. We find the evidence in this case sufficient to warrant submission of the drug case to the jury. The evidence

---

1. 11 Del.C. § 468A provided:

"§ 468A. Possession of a deadly firearm during commission of a felony

"(a) Any person found to have had in his possession during the commission of a felony within this State any shotgun, rifle, pistol, revolver, zip gun, or other firearm or weapon capable of firing a missile or projectile with sufficient force to cause death or serious bodily injury shall be guilty of a felony and shall be imprisoned not less than 5 years nor more than 30 years and fined as the court in its discretion may prescribe.

"(b) The minimum sentence of imprisonment required by subsection (a) of this section shall not be subject to suspension and no person convicted under this section shall be eligible for probation or parole during the first 5 years of his sentence."

§ 468A has been superseded by § 1447 of the new Delaware Criminal Code which provides:

"§ 1447. Possession of a deadly weapon during commission of a felony

"(a) A person who is in possession of a deadly weapon during the commission of a felony is guilty of possession of a deadly weapon during commission of a felony.

"Possession of a deadly weapon during commission of a felony is a class B felony.

"(b) The minimum sentence of imprisonment required by subsection (a) of the section and § 4205 of this title, shall not be subject to supension and no person convicted under this section shall be eligible for probation or parole during the first 5 years of this sentence."

Because of the similarity of the two Statutes, the rulings herein under § 468A have application under § 1447.

included 83 "bags"[2] of heroin, a small block of hashish, several hypodermic needles, an eyedropper with bulb attachment, two tourniquets, and a needle-cleaning kit —all seized by the police in the defendant's bedroom. Also seized and admitted in evidence were the following: a drug price list; a tongue depressor for straining and measuring purposes; plastic bags for bundling of large quantities of drugs; tape for sealing glassine envelopes; empty bottles and measuring cups used for the preparation of liquid cocaine; a quantity of dextrose hydrous merk, which is used to dilute or "cut" the strength of heroin; measuring spoons; two strainers, a pad with writing referring to amounts of cocaine and heroin to be sold on certain days at certain amounts. The police officer, who qualified as an expert in criminal drug matters, testified that a seller or "pusher" of drugs, not a user, would possess the amount of drugs and the types of paraphernalia found in the defendant's bedroom.

It is abundantly clear that the evidence here, though circumstantial, was sufficient to warrant submission and conviction. Williams v. State, Del.Supr., 286 A.2d 756 (1971); Farren v. State, Del.Supr., 285 A. 2d 411 (1971); Henry v. State, Del.Supr., 298 A.2d 327 (1972).

### II.

The defendant contends that a reference by the police officer to an "arrangement" for a "controlled purchase" of drugs from the defendant was prejudicial and warranted a mistrial. At trial, defense counsel made no motion to strike the statement or to have the jury instructed to disregard it. The line of questioning was immediately terminated, upon objection. We find no reversible error here.

### III.

Turning to the weapon charge:

The defendant contends that § 468A was not intended to apply to a "nonviolent, passive" felony such as is involved here. He also contends that the word "possession" in § 468A must be construed to mean "actual, physical and immediate possession" rather than constructive possession. And finally, in this connection, the defendant contends that § 468A is unconstitutionally overbroad in that, as applied to the present case, it does not specify the limits of the criminal act.

As to the meaning of the word "felony", we find § 468A clear and unambiguous; there is no room for judicial construction or interpretation.

In its common and ordinary usage, the unmodified word "felony", as used in § 468A, means any crime or offense specifically designated by law to be a felony. 11 Del.C. § 101.[3] It is beyond the judicial power to delimit the word "felony" by restricting it to non-violent or "passive" felonies only. One clear purpose of the Statute is to prevent a "non-violent" felony from becoming a violent one. While a literal application of § 468A (or its successor § 1447) may lead to regrettable results,[4] the wisdom of a clear and unambiguous statute is not within our province. In this connection, our recent statement in State v. Honie, Del.Supr., 310 A.2d 872 (1973), bears repeating:

> " * * * The severe penalties prescribed by the General Assembly for possessing a deadly firearm during the commission of a felony manifest a deliberately forceful attack upon this social evil and a commendable attempt at crime-connected gun control. If the application of § 468A (or its successor § 1447)

---

2. It appears that a "bag" is a street term for either a $5. ("nickel") or $10. ("dime") quantity of heroin.

3. See also § 233(3) of the new Delaware Criminal Code.

4. E. g., a mandatory 5 year minimum prison sentence, without possibility of parole, for possession of a hunting gun in the automobile of an operator found guilty of accidental manslaughter by automobile—a felony.

leads to excessively harsh results, it is for the Board of Pardons to take appropriate action and for the General Assembly to review its express prohibition against suspension of sentence, probation, and parole in such cases."

As to the word "possession", however, we find ambiguity and the need for statutory construction. Inapplicable, for example, is the general "dominion, control, and authority" definition of "possession" used in drug cases. E. g., Jackson v. State, Del.Supr., 254 A.2d 852 (1969); Holden v. State, Del.Supr., 305 A.2d 320 (1973). Inapplicable, too, is the general "dominion, control, and authority" definition used in the presumption arising from "possession" of recently stolen goods. E. g., Crawley v. State, Del.Supr., 235 A.2d 282 (1967). Possession of the contraband, *per se,* actual or constructive, is the crux of the matter in such cases. Proximity of the contraband, and immediate control thereof, is not an essential element of those definitions.

 The manifest purpose of § 468A, on the other hand, is to discourage the *accessibility* of a deadly weapon during the commission of a crime, thus reducing the probability of serious harm to the victim. Possession of a gun, *per se,* is not forbidden by § 468A; forbidden is its availability under certain circumstances. In view of that clear purpose, the general "dominion, control, and authority" definitions of possession are too broad for application under § 468A.

As used in this Statute, we think that the word "possession" has a more limited meaning; that it requires the elements of availability and accessibility. We hold that a felon is in "possession" of a deadly weapon, within the meaning of § 468A, only when it is physically available or accessible to him during the commission of the crime. General "dominion and control" of a weapon located elsewhere, and not reasonably accessible to the felon, obviously is not the test under § 468A.

The accessibility test is met in the instant case: a loaded gun, close at hand, in the chest of drawers in the bedroom of the defendant's one bedroom apartment which was the locus of his continuing felony.

Finally, as applied to this defendant, it cannot be successfully contended that § 468A is unconstitutionally overbroad. Given the nature of the felony of which this defendant was found guilty, the possession of a loaded revolver close at hand, during the commission of the offense, was unquestionably outlawed by the Statute. This defendant could have had no doubt as to scope and meaning of § 468A under such circumstances and its applicability to him. We hold the Statute sufficiently specific as to this defendant.

\* \* \*

Affirmed.