Jessie ALLEN et al., Defendants below, Appellants,

v.

STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Argued March 12, 1975.

Decided April 16, 1975.

Arlen B. Mekler and Michael L. Ozalas, Asst. Public Defenders, Wilmington, for defendants below, appellants.

L. Kent Wyatt, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

The defendants were convicted of assault in the first degree by means of a deadly weapon, specifically a "billy", in violation of 11 Del.C. § 613 and conspiracy in the second degree in violation of 11 Del. C. § 512. The defendant Richard Goad was also convicted of possession of deadly weapon, specifically a "billy", during the commission of a felony, in violation of 11 Del.C. § 1447.

The determinative question is whether the evidence was sufficient to establish the possession and use by the defendants of a "billy" such as is defined a "deadly weapon" under 11 Del.C. § 222(5). We think not.

The so-called "deadly weapon" was not introduced into evidence. The uncontroverted testimony of a police officer is that a stick was used in the assault "about 1 foot long and ½ inch in circumference". This testimony describes an average pencil, not a "billy" in any sense of that word. By definition, Webster's New Collegiate Dictionary, a "billy" is a heavy, usually wooden, club; specifically, a policeman's club. The evidence in this case does not establish the involvement of any such instrumentality.

Accordingly, the convictions of assault in the first degree by deadly weapon under § 613(1) must be reversed, as well as the conviction of the defendant Goad of possession of a deadly weapon during the commission of a felony.

However, the convictions of the lesser-included offenses of assault in the second degree stand. 11 Del.C. §§ 612, 206(b)(2).

The cases are remanded with instructions to strike the judgments of conviction and sentence heretofore entered and to enter new judgments in accordance herewith.