Bruce DONOPHAN, Defendant,
Appellant,

v.

STATE of Delaware, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted June 9, 1980.

Decided Sept. 23, 1980.

Supplemental Order Dec. 11, 1980.

Dennis A. Reardon, Dover, for defendant-appellant.

Dana C. Reed, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

DUFFY, Justice:

This is an appeal by Bruce Donophan (defendant) from Superior Court convictions following a non-jury trial on charges of Theft, 11 *Del.C.* § 841; Burglary in the Second Degree, 11 *Del.C.* § 825; Possession of a Deadly Weapon by a Convicted Felon, 11 *Del.C.* § 1448; and Possession of a Deadly Weapon During the Commission of a Felony, 11 *Del.C.* § 1447.

I

The pertinent facts are these:

Alan Hunn reported to the Delaware State Police that his home had been burglarized and that a collection of thirteen guns, eleven of which were antiques, was missing. The next day, Detective Kane of the Delaware State Police informed State Detective Brown that he had recovered a .22 caliber Great Western pistol and a .22 caliber Sears Roebuck and Co. rifle, both of which he believed might be from the Hunn collection. Thereafter, Police Detective Schueler delivered those two weapons to Detective Brown. Some seven weeks later, defendant was arrested[1] and taken to a State Police station where, in response to police questioning, he admitted burglarizing the Hunn residence and stealing the gun collection.

Both before defendant's arrest and again at trial when the weapons were introduced into evidence, Mr. Hunn identified the Great Western pistol and the Sears rifle as guns from his collection. At trial, evidence was also admitted that, although unloaded at the time of the crimes, each weapon was capable of firing a shot on the day of trial and on the day it was stolen from Mr. Hunn's home.

After sentencing, defendant docketed this appeal.

II.

Defendant makes four arguments which we consider *seriatim.*

A.

First, defendant asserts that the Trial Court erred in denying his motion to dismiss the charge of possession of a deadly weapon by a convicted felon.[2] An essential element of § 1448 is that the person charged had been previously "convicted" of a felony. Donophan argues that the State attempted to introduce into evidence a record showing that he had been "sentenced" for the crime of Burglary in the Second Degree and, continues defendant, that does

---

1. Defendant was arrested for a burglary which is not involved in nor connected with the case before us.

2. The Statute, 11 *Del.C.* § 1448, states:

    "Any person, having been convicted in this State or elsewhere of a felony or a crime of violence involving bodily injury to another, whether or not armed with, or having in his possession any weapon during the commission of such felony or crime of violence, or any person who has ever been committed for a mental disorder to any hospital, mental institution or sanatorium (unless he possesses a certificate of a medical doctor or psychi-

atrist licensed in this State that he is no longer suffering from a mental disorder which interferes with or handicaps him in the handling of a firearm), or any person who has been convicted for the unlawful use, possession or sale of a narcotic, dangerous drug or central nervous system depressant or stimulant drug as those terms were defined prior to the effective date of the Uniform Controlled Substance Act in January 1973, or of a narcotic drug or controlled substance as defined in Chapter 47 of Title 16, who purchases, owns, possesses or controls any deadly weapon is guilty of a class E felony."

not comply with the statutory requirement of a prior "conviction." Cf. *State v. Robinson*, Del.Supr., 251 A.2d 552 (1969).

Our review of the record indicates that the following events occurred at trial: the State offered into evidence court records showing that defendant "had been convicted of Burglary in the Second Degree"; defendant objected on the ground that the record showed that he had been sentenced for that offense but did not show a "conviction," as required by § 1448; argument was heard on the admissibility issue and the Court then reserved "decision on it since this is a nonjury matter." Thereafter, the Court filed a letter opinion finding defendant guilty "on all charges." But we are unable to find any ruling by the Court on the evidence issue.

■ Counsel have not been heard on this issue, which must be resolved before we address defendant's arguments as to whether proof of a sentencing meets the requirements of § 1448. For that reason, decision is reserved on defendant's first contention and counsel will be given an opportunity to supplement their respective briefs.

### B.

Turning now to defendant's second argument, he says that it was error to admit the two weapons into evidence because the State failed to establish a proper chain of custody. Specifically, defendant says that the State did not fully account for the whereabouts of the weapons from the time they came into police possession to the time they were introduced into evidence.

■ *Clough v. State*, Del.Supr., 295 A.2d 729 (1972), is dispositive of the chain-of-custody issue. In *Clough*, this Court concluded

that "[t]he test is reasonable probability that no tampering occurred," and we noted that even if adequate safeguards had not been used, an item would be admitted "in the absence of evidence tending to show tampering." *Id.* at 730. See also *Tatman v. State*, Del.Supr., 314 A.2d 417 (1973), and *Goldsmith v. State*, Del.Supr., 405 A.2d 109 (1979). Thus, defendant's argument is not persuasive because there was no evidence of tampering to rebut Mr. Hunn's identification of the guns at trial.

We hold that the State met its burden under *Clough* and sufficiently established a proper chain of custody. It follows that the Trial Judge did not err in admitting the weapons into evidence.

### C.

Defendant's third contention is that the Trial Judge committed error in not dismissing the charge of possession of a deadly weapon during the commission of a felony[3] because § 1447 is not applicable to the facts in this case. Specifically, he says that the Statute does not apply to possession secured by a theft of the weapon during the burglary.

■ Donophan argues that the Statute is aimed solely at one who possesses a weapon in order to assist or facilitate the commission of a crime, not to one who carries it away from the crime scene. We find no justification for this narrow interpretation; indeed, a reading of the Statute makes clear that possession[4] alone constitutes the offense when supported by proof of the underlying felony. See Commentary, Delaware Criminal Code (1973), 11 *Del.C.* § 1447, p. 466. Furthermore, when construing § 468A, the predecessor of § 1447, in *Mack v. State*, Del.Supr., 312 A.2d 319 (1973),[5] we

---

3. The Statute, 11 *Del.C.* § 1447, provides in pertinent part:
   "(a) A person who is in possession of a deadly weapon during the commission of a felony is guilty of possession of a deadly weapon during commission of a felony."

4. "Possession" of a deadly weapon for purposes of § 1447 requires a showing that "it is physically available or accessible to [defendant] during the commission of the crime."

*Mack v. State*, Del.Supr., 312 A.2d 319, 322 (1973). See also *Canty v. State*, Del.Supr., 394 A.2d 215, 216–17 (1978), and *Wilson v. State*, Del.Supr., 343 A.2d 613, 618 (1975).

5. In *Mack*, defendant was convicted of possession of a narcotic drug with intent to sell, 16 *Del.C.* § 1425 (1972 Supp.), and possession of a deadly weapon during the commission of a felony. Because defendant's gun, which was in a chest of drawers in his bedroom, was available

**304** ◼

stated that "[o]ne clear purpose of the Statute is to prevent a 'nonviolent' felony from becoming a violent one." *Id.* at 321. See also *Davis v. State*, Del.Supr., 400 A.2d 292 (1979). We hold that this principle is equally applicable here. In our view, defendant's possession of the deadly weapons rendered his presence and retreat from the Hunn residence more dangerous to others, a situation clearly contemplated by § 1447.

Defendant next contends that because the guns were not loaded at the time he possessed them, they could not have caused injury if fired, and thus, they were not "deadly weapons" as required by § 1447. A majority of courts, however, in construing a statute directed at the possession rather than the use of deadly weapons, hold that whether the weapon is loaded is immaterial. See Annot., 79 A.L.R.2d 1412, 1430 (1961). Compare *State v. Quail*, Del.Gen.Sess., 5 Boyce 310, 92 A. 859 (1914).[6]

◼ A deadly weapon is defined by 11 *Del.C.* § 222(5), for purposes of our Statute, as "any weapon from which a shot may be discharged . . . ." That language plainly compels the conclusion that § 222(5) focuses on whether the gun was *capable* of being fired, rather than on the result if it were fired. Thus, the evidence that the two weapons in defendant's possession were capable of being fired is controlling, not the evidence that they were unloaded. Accordingly, the Trial Judge did not err in refusing to dismiss the charge of possession of a deadly weapon during the commission of a felony.

### D.

◼ Finally, Donophan contends that his confession was inadmissible because he was not given the *Miranda* warnings before he was questioned and because the confession

was not voluntary. The State proffered evidence to the contrary, creating issues of fact which the Trial Judge determined in its favor. We hold, on the basis of the record, that this finding is reasonably supported by competent evidence, *Fullman v. State*, Del. Supr., 389 A.2d 1292, 1297 (1978), and there was no reversible error.

Affirmed in part; decision reserved in part.

### SUPPLEMENTAL ORDER

This Eleventh day of December 1980,

It appears to the Court that:

(1) Under date of September 23, 1980, the Court filed an opinion ruling on all issues raised in the appeal except those pertaining to the charge of possession of a deadly weapon by a convicted felony. 11 *Del.C.* § 1448.

(2) Thereafter, counsel filed letter memoranda on the issue reserved in the opinion.

(3) In the interest of justice, the case should be remanded to the Superior Court so that the Trial Judge may make a ruling on the documents which were offered into evidence and on any other issue related thereto.

NOW, THEREFORE, IT IS ORDERED as follows:

(1) This case is remanded to the Superior Court so that the Trial Judge may enter upon the record his ruling on the offer in evidence by the State of Court records showing that defendant "had been convicted of Burglary in the Second Degree"; the Superior Court shall also consider the relevance, if any, of *State v. Robinson*, Del.Super., 251 A.2d 552 (1968), to the charge.

(2) On remand, the Superior Court is authorized to make any ruling which it deems

---

and accessible to defendant while he conducted the unlawful narcotic activity in his apartment, defendant had "possession" within the meaning of the Statute. 312 A.2d at 322.

**6.** In *Quail*, defendant was convicted of unlawfully carrying a concealed deadly weapon. The Court stated:

"The manifest policy and intent of this law is to prevent carrying concealed a revolver or other weapon which may be used for a deadly purpose. We think it quite immaterial whether the revolver be loaded or not, because such an instrument is commonly regarded as a deadly weapon without regard to its condition."
92 *A.* at 859.

appropriate and which is not inconsistent with this Court's opinion of September 23, 1980.

(3) Jurisdiction is reserved.