Donald PAULS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 13, 1984.
Decided: April 9, 1984.

Karl Haller, Asst. Public Defender, Georgetown, for appellant.

Gary A. Myers, Deputy Atty. Gen., Georgetown, for appellee.

Before HERRMANN, C.J., MOORE and CHRISTIE, JJ.

CHRISTIE, Justice:

At 11:45 p.m. on January 19, 1983, Marian Hearn, a clerk in a convenience store in Seaford, was scrubbing the floor. Appellant entered the store and lingered by the soda cooler. Ms. Hearn and appellant were the only people in the store at this time. Suddenly, appellant approached Ms.

Hearn brandishing a broken glass bottle. Ms. Hearn was afraid that she would be slashed and reached for the broken bottle. As she grabbed it, a piece of glass broke off into her hand. At this point appellant pulled out a "stick" and struck Ms. Hearn in the head. Ms. Hearn then activated a silent alarm button and ordered appellant to leave the store "while he could." Disregarding the order, appellant hit her again with the stick and kicked her in her stomach. Ms. Hearn then fled out the front of the store. Appellant followed her outside and kicked her again. Ms. Hearn ran back inside the store hoping to lock appellant out. She was unsuccessful, and appellant, came back into the store holding the stick and demanding that she give him the store receipts. She opened the cash registers and he emptied them. He then struck her in the head with the stick with enough force to break the stick in half. As appellant ran out the front door he was apprehended by the Seaford police who had responded to the silent alarm.

A Superior Court jury found appellant guilty of robbery in the first degree, assault in the first degree and burglary in the second degree. In addition, the jury returned guilty verdicts on one count of possession of a deadly weapon by a person prohibited from possessing such a weapon (11 *Del.C.* § 1448) and six counts of possession of a deadly weapon during the commission of a felony. (11 *Del.C.* § 1447(a)). Three of the latter counts arose from his possession of the "stick" and three from the possession of the broken bottle during the robbery, assault and burglary offenses.

Appellant does not challenge the robbery and assault convictions but challenges his other convictions on several grounds.

Appellant's first contention is that the trial court erred in denying his motion for judgment of acquittal as to the burglary charge because the store was open to the public at the time of the incident. This argument is without merit. Under the provisions of 11 *Del.C.* § 825(2) a person commits burglary in the second

degree "when he knowingly enters ... *unlawfully* in a building and when, in effecting entry or while in the building, he ... causes physical injury to any person who is not a participant in the crime" (emphasis added). A person who enters when he is not licensed or privileged to do so enters unlawfully. One who enters or remains on premises which appear to be open to the public does so with license and privilege unless he is in defiance of a personal communication to him by the owner of the premises or another authorized person. 11 *Del.C.* § 829(d). Pauls' reentry into the store was in clear defiance of an order to leave which was obviously still in effect. He certainly did not reenter the store as an authorized member of the public.

■ Appellant's next contention is that the indictment was faulty and violated due process because it did not adequately inform him of the charges against him. Under Super.Ct.Crim. Rule 12(b), "defenses and objections based on defects ... in the indictment or information other than it fails to show jurisdiction in the Court or to charge an offense may be raised only by motion before trial. A failure to present any such defense or objection constitutes a waiver thereof." Challenges concerning the specificity or sufficiency of the factual details alleged in the indictment must be raised by motion prior to trial or they are deemed to have been waived. See *United States v. Varkonyi*, 645 F.2d 453 (5th Cir. 1981).

■ Appellant does not argue that the count alleging his possession of a deadly weapon after having been previously convicted of a felony fails to charge an offense, but he does say that it lacked evidentiary detail. If appellant was uncertain of the nature of the charges against him, his remedy was to file a motion in the trial court. Appellant made no objection to the wording of the indictment prior to or during his trial. He has waived his right to raise this issue on appeal. Supr.Ct. Rule 8. Appellant has also failed to show any prejudice stemming from the failure of the indictment to name the Court which entered the previous judgment against him and the date of the previous judgment.

Appellant filed a pre-trial motion to dismiss the three counts of the indictment which alleged that the broken bottle was a deadly weapon. He contended that a broken bottle is not a deadly weapon. The trial court denied the motion. At the conclusion of the evidence, appellant moved for acquittal on the basis that the stick or club he used to strike the clerk was not a deadly weapon. The trial court denied that motion. Appellant again asserts that these two items are not deadly weapons within the meaning of 11 *Del.C.* § 222(5).[1]

■ The difficulty in defining a "deadly weapon" under the Delaware statute stems from the lack of a full definition of that term. The term "deadly weapon" is defined only by a list of items which are included within the term. A "dangerous instrument," on the other hand, is defined as "any instrument, article or substance which, under the circumstances in which it is used—is readily capable of causing death or serious physical injury." 11 *Del.C.* § 222(4).[2] It is clear then that a "dangerous instrument" may also be a deadly

---

1. 11 *Del.C.* § 222(5):
   "§ 222. General definitions.
   \*　\*　\*　\*　\*　\*
   "(5) 'Deadly weapon' includes any weapon from which a shot may be discharged, a knife of any sort (other than an ordinary pocketknife carried in a closed position), switchblade knife, billy, blackjack, bludgeon, metal knuckles, slingshot, razor, bicycle chain or ice pick. For the purpose of this definition, an ordinary pocketknife shall be a folding knife having a blade not more than 3 inches in length."

2. 11 *Del.C.* § 222(4):
   "§ 222. General definitions.
   \*　\*　\*　\*　\*　\*
   "(4) 'Dangerous instrument' means any instrument, article of substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."

weapon, and the fact that something is a dangerous instrument does not prevent it from being also a "deadly weapon." It appears, however, that deadly weapons as listed are capable of causing death and are objects generally known to be used in causing death.

It would be impossible to describe each item which may properly be regarded as a deadly weapon but it is clear that statutes such as this seek to encompass "the classic instruments of violence and their homemade equivalents." See *People v. Grubb*, Cal.Supr., 63 Cal.2d 614, 47 Cal.Rptr. 772, 408 P.2d 100 (1966) (en banc).

■ The trial court correctly classified the broken bottle as a "deadly weapon." The end of a shattered glass bottle, with its ragged, jagged, sharp cutting edges, is clearly capable of causing death. It is well known to be as deadly as those objects listed in the statute as deadly weapons. The stick/club here used was from the bottom portion of a crutch. As used, it can be regarded as a form of homemade "bludgeon" as that term is used in 11 *Del.C.* § 222(5). Cf. *Allen v. State*, Del.Supr., 337 A.2d 320 (1975) where a stick ½ inch in circumference was held not to be a "billy."

■ Appellant's final contention is that the evidence was insufficient to establish possession of a deadly weapon during the commission of a felony. Specifically, he says that the evidence was insufficient to show that he actually "possessed" the broken bottle during the commission of the robbery and assault. This argument has no merit.

A person "is in 'possession' of a deadly weapon only when it is physically available or accessible to him during the commission of the crime." *Mack v. State*, Del.Supr., 312 A.2d 319 (1973). The elements of availability and accessibility, however, do not require the weapon to be in the offender's immediate physical possession or within easy reaching distance of the offender. *Id.* at 322. See also *Wilson v. State*, Del. Supr., 343 A.2d 613 (1975). The purpose of the provision is to "prevent a 'non-violent' felony from becoming a violent one," *Mack*, *supra*, and the term "during the commission of a felony" as used in 11 *Del.C.* § 1447 encompasses a somewhat extended time frame.

The starting point of the robbery was the use or the threatened use of force to facilitate the subsequent delivery of the property. The jury could infer that when appellant initially came at the clerk with the broken bottle, his intention was to use the weapon to compel the clerk to deliver the store's receipts or to prevent her from resisting his subsequent taking. His actual use of the broken glass bottle for the purpose supports the conclusion that he possessed that deadly weapon during the commission of the robbery.

Under 11 *Del.C.* § 613(1),[3] appellant committed assault in the first degree when he intentionally caused physical injury to the clerk by beating her with the club. It is possible to infer that when appellant started to hit the clerk with the club, the broken bottle remained accessible to him (appellant hit the clerk with the club after she had loosened the bottle from his hand). The jury could have found that the bottle was within easy reach and clearly accessible during the assault.

\* \* \*

AFFIRMED.

■

---

**3.** 11 *Del.C.* § 613(1):

"§ 613. Assault in the first degree; class B felony.

\* \* \* \* \* \*

"(1) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or"