Jay CSEH, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 519, 2007.

Supreme Court of Delaware.

Submitted: March 3, 2008.
Decided: April 22, 2008.

Bernard J. O'Donnell, Esquire, of the Office of the Public Defender, Wilmington, Delaware for appellant.

Timothy J. Donovan, Jr., Esquire, of the Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

RIDGELY, Justice.

Defendant–Appellant Jay Cseh appeals his conviction, following a Superior Court jury trial, of attempted robbery first degree. Cseh argues that the trial judge erred in denying his request for instructions on the lesser-included offenses of attempted robbery in the second degree, aggravating menacing, and attempted felony theft. We find no merit to his argument and affirm.

## I. Facts

Cseh entered an Eckerd drug store in New Castle County, Delaware around 11:30 p.m. on December 1, 2006. Robert Anderson, an employee, was behind the front register. According to Anderson, Cseh approached him and pulled out a sledgehammer, then began waiving the sledgehammer over his head within three to four feet of Anderson. Cseh's demanded that Anderson "open the register or I'll smash it." Cseh's tone and demeanor in making this demand was "very loud, very aggressive" and "very angry."

When Anderson told him that he had no way to open the drawer without a manager or a key, Cseh repeated his demand. Cseh then "beat the keyboard on the register approximately three times and then ran out the door." Anderson testified that during this attempted robbery, he felt nervous, threatened, scared, and hoped that he "wasn't going to end up the same way the keyboard did." While Anderson acknowledged that Cseh did not verbally threaten to hit him, he believed that Cseh

was going to hit him if he did not open the register. Despite Cseh's efforts, the register would not open and he fled the store. A surveillance camera caught the attempted robbery on tape. The police were called and given a description of Cseh and the truck he was driving. Cseh was arrested shortly thereafter with the sledgehammer in his possession. Anderson identified him that night.

Cseh was charged with Attempted Robbery First Degree, Possession of a Deadly Weapon During the Commission of a Felony and Criminal Mischief.[1] At trial, defense counsel requested that the trial judge give an instruction on the lesser offenses of attempted robbery second degree, aggravating menacing and attempted theft based in part on his assertion that he only threatened to use force "upon" the cash register and not the clerk. The trial judge noted that there were two times in the video surveillance where Cseh grabs the sledgehammer with both of his hands and raises it and that there was "no question what is going on there." He found that there was "no evidentiary basis whatsoever to support any kind of lesser or any kind of lateral thing, like attempted felony theft and aggravated menacing." The jury convicted Cseh, the trial judge sentenced him, and this appeal followed.

## II. Discussion

Cseh argues that there was a rational basis for the jury to convict on the lesser included offenses and not the offense charged. "[O]ur review of the trial court's refusal to give [a] jury instruction is *de novo.*"[2] We recently explained in *Wright v. State,*

Where a trial court is asked to give a jury instruction in a criminal case, the court must determine: (1) that the de-

---

1. The State dropped the weapons charge against him before the trial.

2. *Wright v. State,* —— A.2d ——, ——, 2008 WL 343638, at *2 (Del.).

fense or lesser included offense for which the instruction is requested could apply as matter of law; (2) that the evidence presented meets the statutory requirements to entitle the defendant to the requested instruction; and (3) whether the particular form, content, or language of the instruction proposed by the defendant represents a correct statement of the law.[3]

At issue in this case is the second prong under *Wright,* whether the evidence presented entitles Cseh to the requested instructions. Under 11 *Del. C.* § 206(c) [4] and as a matter of due process under the United States Constitution and Delaware law,[5] the court must instruct the jury on an included offense if "there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." [6] Further, "the evidence introduced in the case must support a jury verdict convicting the defendant of the lesser crime *rather than* the indicted crime." [7] The question of law on appeal is whether "the trial court, in determining the litigant's entitlement to a jury instruction, properly appl[ied] the relevant statutory provision to the facts at bar." [8]

In *Henry v. State*[9] and *Bentley v. State,*[10] we addressed the circumstances under which a request for a lesser included instruction should be granted. Applying the *Henry/Bentley* analysis, a trial judge should grant the request if the defendant meets the following four criteria: (1) the defendant makes a proper request; (2) the lesser included offense contains some but not all of the elements of the charged offense; (3) the elements differentiating the two offenses must be in dispute; and (4) there must be some evidence that would allow the jury rationally to acquit the defendant on the greater charge and convict on the lesser charge.[11] Thus, if *Henry/Bentley* is satisfied, the second prong of *Wright* is also satisfied.

The parties here only dispute whether there was some evidence that would allow the jury to rationally acquit Cseh of robbery in the first degree and convict on a lesser charge. A person is guilty of robbery in the first degree "when the person commits the crime of robbery in the second degree and when, in the course of the commission of the crime or of immediate flight therefrom, the person or another participant in the crime ... is armed with and uses or threatens the use of a dangerous instrument." [12] A "dangerous instrument" is defined as "any instrument, article or substance which, under the circumstances in which it is used, at-

---

3. *Id.*

4. 11 *Del. C.* § 206(c) provides: "The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."

5. *See Bentley v. State,* 930 A.2d 866, 875 (Del. 2007); *Henry v. State,* 805 A.2d 860, 864 (Del.2002).

6. 11 *Del. C.* § 206(c). *See also Capano v. State,* 781 A.2d 556, 633–34 (Del.2001) ("The relevant Delaware statute simply states that the trial judge 'is not obligated' to charge on

lesser included offenses unless the rational basis test is met.").

7. *Ward v. State,* 575 A.2d 1156, 1159 (Del. 1990).

8. *Wright,* —— A.2d at ——, 2008 WL 343638, at *2.

9. 805 A.2d 860 (Del.2002).

10. 930 A.2d 866 (Del.2007).

11. *Henry,* 805 A.2d at 864; *Bentley,* 930 A.2d at 875.

12. 11 *Del. C.* § 832(a)(3).

tempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."[13] "[T]he fact that something is a dangerous instrument does not prevent it from being also a 'deadly weapon.'"[14]

This Court has previously explained that "[i]t would be impossible to describe each item which may properly be regarded as a deadly weapon but it is clear that statutes such as this seek to encompass 'the classic instruments of violence and their home-made equivalents.'"[15] Our courts have found that everyday objects, such as a bottom half of a crutch,[16] the end of a shattered glass bottle,[17] a bowling ball,[18] a barbell,[19] "hot water,"[20] and a floor fan[21] may satisfy the definitions of dangerous instruments or deadly weapons.[22]

Cseh claims that the sledgehammer could not satisfy the definition of a dangerous instrument because Anderson testified that Cseh only threatened to smash the register and did not verbally threaten him. It is plain from the evidence that Cseh threatened Anderson when he brandished the sledgehammer over his head while demanding that he open the register. While a "defendant is entitled to an instruction on a lesser-included offense if there is any evidence fairly tending to bear upon the lesser-included offense, 'however weak' that evidence may be,"[23] the record in this case is devoid of any evidence that would support giving the requested instruction.[24] Therefore, Cseh failed to establish any rational basis for the jury to acquit him of the first degree charges and convict on the lesser charges. The circumstances under

13. 11 *Del. C.* § 222(4).

14. *Pauls v. State*, 476 A.2d 157, 159 (Del. 1984) *("Pauls I")*.

15. *Id.* at 160 (citation omitted). *See also Pauls v. State*, 1989 WL 8105, at *1 (Del. Supr.) *("Pauls II")* ("The list [in 11 *Del. C.* § 222(4)] contains items traditionally designated as weapons, such as guns, as well as items with other primary uses, such as bicycle chains."). *See generally State v. Stansbury*, 1989 WL 100512, at *1 (Del.Super.) ("Under [the] standard [in *Pauls I* and *Pauls II*], it is clear that the use of an everyday item as a deadly weapon, may cause it to fall within the statutory definition of a deadly weapon."). In *Stansbury v. State*, 591 A.2d 188 (Del.1991), we reversed this aspect of the Superior Court's decision and found that the then-existing statute did not allow "items of common usage" to be considered deadly weapons. *See id.* at 193. The General Assembly thereafter amended the statute. *See Taylor v. State*, 679 A.2d 449, 450 (Del.1996) and note 22 *infra*.

16. *Pauls*, 476 A.2d at 160.

17. *Id.*

18. *Stansbury*, 1989 WL 100512, at *2.

19. *Id.*

20. *State v. Taylor*, 1998 WL 1029233, at *2 (Del.Super.).

21. *Taylor v. State*, 679 A.2d 449, 450 (Del. 1996).

22. In *Taylor*, we analyzed the General Assembly's amendment to the classifications of deadly and dangerous instruments. *See id.* at 454 ("Thus, the legislature no longer defines an item as a deadly weapon according to its common, every-day usage, *cf.* [*Stansbury v. State*, 591 A.2d 188, 193 (Del.1991)], but instead has made dispositive that item's potential for causing death or serious physical injury in the way it was actually used in the circumstances leading to the charge.").

23. *Bentley*, 930 A.2d at 875 (quoting *Henry*, 805 A.2d at 865).

24. A similar argument was recently made and rejected in *King v. State*, 935 A.2d 256 (Del. 2007) (Table). In that case, the defendant unsuccessfully argued that the jury could have discounted the victim's testimony that the defendant's choking her caused physical pain and bruising, among other things, in order to acquit him of attempted first degree robbery and convict for attempted second degree robbery. *See id.*

which a request for a lesser included instruction should be granted under *Henry/Bentley* were not met. Accordingly, the trial judge did not err under *Wright* when he denied the lesser included instructions.

### III. Conclusion

The judgment of the Superior Court is **AFFIRMED.**