IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREEMAN DORDELL, | § | |
| | § | No. 437, 2014 |
| Defendant-below, | § | |
| Appellant. | § | Court Below: |
| | § | Superior Court of the |
| v. | § | State of Delaware, in and for |
| | § | New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Cr. I.D. No. 1208021461 |
| Plaintiff-below, | § | |
| Appellee. | § | |

Submitted: April 15, 2015
Decided: May 15, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

# O R D E R

This 15th day of May 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) Appellant Freeman Dordell ("Dordell") was convicted by jury of Theft and Second Degree Criminal Trespass. On July 18, 2014, Dordell was sentenced to two years at Level V incarceration, suspended after three months for decreasing levels of supervision, and ordered to pay $6,400 in restitution and a $575 fine. Dordell has appealed his conviction. He raises one issue on appeal, namely, that the trial court erred by failing to *sua sponte* instruct the jury of a statutory affirmative defense -- a defense that he failed to raise in the proceedings

before that court.  We reject Dordell's contentions on appeal and AFFIRM the judgment below.

(2)    By way of background, in 2007, Dordell bought a house at 1861 St. Augustine Road in Middletown, Delaware.  The house was financed through a mortgage by Shallcross Mortgage Company ("Shallcross").  Dordell signed a deed in lieu of foreclosure that permitted Shallcross to take the property in the event of default, instead of undergoing foreclosure proceedings.

(3)    At trial, Jay Pierce ("Pierce"), owner of Shallcross, testified that Jennifer Harris ("Harris") had been making most of the mortgage payments.  In 2009 or 2010, Harris moved out of the house, and the payments became sporadic and eventually stopped.  Pierce testified that Shallcross sent Dordell several notices about the missed payments, and after about a year-and-a-half of non-payment, Shallcross recorded the deed to the property.  After the deed was recorded, Dordell remained in the house.  Shallcross sought Dordell's ejection from the property, and the Superior Court granted the request by order dated May 9, 2012.  Still, Dordell did not move out of the house, and Shallcross filed a writ of possession, which was issued on July 13, 2012.  The writ of possession stated in pertinent part that the "Defendant shall not cause harm to the property."

(4)    Between July 29 and July 31, 2012, Dordell and his friend, Angel Cardoza ("Cardoza"), removed the kitchen cabinets, range, hood, stove,

2

dishwasher, refrigerator, microwave, kitchen sink, copper plumbing and other "fixtures" from the house. Dordell and Cardoza had worked together on construction projects in the past, and had provided each other with items leftover from their projects. Dordell gave Cardoza certain items that were removed from the house. But when the police became involved, Cardoza returned items.

(5) Dordell now contends on appeal that under these facts, he had a claim of right to the property and that the jury should have been instructed on the affirmative defense of claim of right pursuant to 11 *Del. C.* § 847(a). Dordell concedes in his opening brief, however, that the statutory affirmative defense of claim of right was not brought to the attention of the trial court and is being raised for the first time in his opening brief. Because Dordell failed to raise the issue of the affirmative defense before the trial court or propose an instruction to the jury regarding a claim of right defense, the trial court never had an opportunity to consider the issue or reject a proposed jury instruction.[1] Accordingly, Dordell failed to preserve his claim of right affirmative defense by failing to raise it in the proceedings below.

---

[1] *Compare Zimmerman v. State*, 628 A.2d 62 (Del. 1993) (finding that the trial court erred in refusing defendant's requested jury instruction on the affirmative defense of claim of right after having found the defendant to have established by a preponderance of the evidence a claim of right to the money that was the focus of the extortion charge). By contrast, Dordell did not establish the affirmative defense nor did he request the instruction.

(6)     We generally decline to review contentions not raised below and not fairly presented to the trial court for decision.  We may excuse a waiver, however, if we find that the trial court committed plain error requiring review in the interests of justice.  Under the plain error standard of review, "[t]he error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[2]  Plain error is "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3]

(7)     The affirmative defense of claim of right is codified in 11 *Del. C.* § 847(a), which provides that "[i]n any prosecution for theft or extortion it is an affirmative defense that the property was appropriated by the actor under a claim of right, made in good faith, to do substantially what the actor did in the manner in which it was done."[4]  The burden of establishing this affirmative defense rests on

---

[2] *Dougherty v. State*, 21 A.3d 1, 2 (Del. 2011) (quoting *Turner v. State*, 5 A.3d 612, 615 (Del. 2010)) (holding that the trial court's failure to give, *sua sponte*, a specific unanimity jury instruction as to the overt act of a conspiracy charge was not plain error).

[3] *Id.*

[4] 11 *Del. C.* § 847(a).

4

the defendant to establish it by a preponderance of the evidence pursuant to 11 *Del. C.* § 304(a).[5]

(8)     Dordell argues that in not instructing the jury regarding the statutory claim of right affirmative defense, the trial court did not provide the jury with a correct statement of the law.[6]  In essence, Dordell is asking this Court to find that even though he did not request a specific jury instruction as to a statutory affirmative defense, the trial court nevertheless *sua sponte* should have instructed the jury on the affirmative defense.  Dordell's claim is meritless.[7]

(9)     The plain language of 11 *Del. C.* § 304(b) provides that the defendant is "entitled" to a jury instruction regarding the claim of right affirmative defense "[u]nless the court determines that no reasonable juror could find an affirmative defense established by a preponderance of the evidence presented by the

---

[5] 11 *Del. C.* § 304(a) ("When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence.").

[6] Notably, Dordell does not contend that the instructions that were given to the jury were incorrect.

[7] *Cf. Canty v. State*, 394 A.2d 215, 217 (Del. 1978) (finding the trial court's failure to instruct the jury *sua sponte* on a defense was not error where the defendant did not request an instruction or object after the jury instructions were read); *Hand v. State*, 354 A.2d 140 (Del. 1976) ("The defendant also urges us to hold that the Trial Judge committed reversible error in failing to instruct the jury regarding lack of intention due to mental illness.  However, the point was not raised in the Court below; there was no oral or written request for such an instruction, nor any objection to the Court's charge as given.  Since this is not a case of 'plain error', the point may not be raised for the first time on appeal.").

defendant."[8]  Notably, neither the statute nor the common law *requires* the trial court to instruct the jury *sua sponte* on all potentially available affirmative defenses when counsel has not requested a particular instruction.  Nor does the record before us show that Dordell established the claim of right affirmative defense by a preponderance of the evidence.  Accordingly, the Superior Court did not commit plain error when it did not *sua sponte* instruct the jury on the statutory claim of right affirmative defense.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[8] 11 *Del. C.* § 304(b) ("Unless the court determines that no reasonable juror could find an affirmative defense established by a preponderance of the evidence presented by the defendant, the defendant is entitled to a jury instruction that the jury must acquit the defendant if they find the affirmative defense established by a preponderance of the evidence.").